UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Miguel Angel GONZALEZ-Navarro, ) <br> ) <br> Defendant. ) | Magistrate Case No. **21-MJ-4401** <br><br> COMPLAINT FOR VIOLATION OF <br><br> Title 8, U.S.C., Section 1326 <br> Attempted Entry after Deportation |

The undersigned complainant being duly sworn states:

On or about November 4, 2021 within the Southern District of California, Defendant Miguel Angel GONZALEZ-Navarro, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at the San Ysidro, California Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Ramon A. Galindo, CBP Enforcement Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 5th of November 2021.

_____
HON. ALLISON H. GODDARD
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On November 4, 2021, at approximately 9:22 A.M., Miguel Angel GONZALEZ-Navarro (Defendant), applied for admission into the United States from Mexico via the San Ysidro, California Port of Entry pedestrian east facility. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant was not in possession of a valid entry document and said he was going to San Diego, California with nothing to declare. Defendant orally presented himself as a United States citizen by stating he was born in El Centro, California and provided M.P., as his name. The CBP Officer elected to refer Defendant to secondary inspection for further inspection.

In secondary, it was confirmed Defendant was not a United States citizen. Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned matches to the queries revealing Defendant's true name and identity. IDENT and IAFIS also linked Defendant to Federal Bureau of Investigation (FBI) and Department of Homeland Security (DHS) service records which identify Defendant as a citizen of Mexico without documents to enter the United States.

According to DHS records, Defendant was ordered removed by an immigration judge from the United States to Mexico on or about on June 5, 2000, and physically removed on that same date through Nogales, Arizona. Defendant was most recently physically removed from the United States by immigration officials on November 4, 2021, via San Ysidro, California. DHS records contain no evidence Defendant has applied for or received permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to legally re-enter the United States.